UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

OSCAR LEE HOUSTON, JR.,            )
                                   )
        Plaintiff                  )
                                   )
v.                                 )    No. 1:15-0097
                                   )    Judge Sharp/Brown
CAROLYN W. COLVIN, ACTING          )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant                  )

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute.

### BACKGROUND

The Plaintiff proceeding *pro se* filed a complaint against the Social Security Administration on October 16, 2015 (Docket Entry 1). The complaint itself stated in paragraph 4, "I am mentally incapable of holding any job. Due to my mental illness; it has been a difficult life to provide for my family. I believe that the only way to take care of my loved ones is to maintain a stable and actual lifestyle."

Paragraph 5 stated that "Pray that my kids father can find and hold a job in order to take better care of our family/kids. I need them to be able to depend on me."

The Plaintiff was allowed to proceed *in forma pauperis* (Docket Entry 3) and the matter was referred to the undersigned for

case management and a report and recommendation on any dispositive matters (Docket Entry 3). Service was accomplished on the Social Security Administrative and Assistant United States Attorney Maynor-Faulcon appeared on behalf of the Social Security Administration (Docket Entry 6).

The Plaintiff sent the Court a pleading entitled "Manic Depressant/ADHD" and the pleading stated that he was taking medications that made him dizzy and that he was unable to hold a job, and that he had difficulty concentrating and "remember with my brain" (Docket Entry 9).

After service was completed in the matter, the Magistrate Judge entered a order directing the Plaintiff to file a motion for judgment on the administrative record within 30 days (Docket Entry 14), which was entered on December 22, 2015.

The next filing in the case was a motion by the Social Security Administrative for the Plaintiff to show cause why the complaint should not be dismissed for failure to file a motion for judgment on the administrative record. The Plaintiff responded to this motion on April 5, 2016, by stating that he had received the administrative record in the case, but had thought that he had counsel who had been appointed by the Court. He requested that the Court appoint counsel for him noting that he was receiving treatment from Centerstone of Maury County in Columbia, Tennessee. He did not provide any records from Centerstone. He further stated

that he had attempted to secure counsel through the Legal Aid Society and had been declined.

The Magistrate Judge reviewed the motion, and in a detailed order, went into a limited review of the Social Security record, denied the application and specifically told the Plaintiff that he needed to file a motion for judgment on the administrative record as he had been instructed to do on the Court's December 22, 2015, order (Docket Entry 14). The Plaintiff was specifically warned that failure to comply within the time frame would result in a recommendation that the action be dismissed for failure to prosecute and to comply with Court orders and an extension of time would be granted, absent good cause shown. As of the date of this Report and Recommendation that Plaintiff has filed nothing further in this matter.

## **LEGAL DISCUSSION**

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's order or engages in a clear pattern of delay. "District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash Railroad*, 370 U.S. 626,630-31 (1962)". *Smith v. Correction Corporation of America*, 3:14-MC-652 (M.D. Tenn. 2014).

A dismissal with or without prejudice is a drastic remedy and before the Court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff was given clear directions as to what he needed to do in the Court's December 22, 2015, order directing him to file a motion for judgment on the administrative record, and when the Plaintiff took no further action the Court once again, on March 10, 2016, (Docket Entry 18) gave him an additional 21 days to file the required brief and memorandum of law as previously directed. The Court pointed out that he had not requested appointment of counsel. When the Plaintiff then requested appointment of counsel the Magistrate Judge again reviewed the matter and denied appointment of counsel with a limited review of the administrative record and found that there were no extraordinary circumstances requiring appointment of counsel for the Plaintiff (Docket Entry 22).

In Docket Entry 22, the Court gave Plaintiff until June 8, 2016, to file his motion accompanied by a clear warning, that failure to comply with this order would result in a recommendation that the case be dismissed for failure to prosecute and comply with

the orders of the Court. The Plaintiff was told that an extension of time would not be granted absent good cause shown. Unfortunately, the Plaintiff has neither filed a motion or shown good cause for an extension. As directed in *Tetro*:

    (1)    The Magistrate Judge has to conclude that the Plaintiff's failure to file the required motion is willful. The Plaintiff has not submitted any documentation from Centerstone showing that he is incapable of filing a fairly straightforward pleading stating what the alleged error committed by the administrative law judge is in this case.

    (2)    The Defendant cannot adequately respond to the Plaintiff's complaint until Defendant knows what error Plaintiff alleges.

    (3)    The Plaintiff has been specifically warned on two occasions that failure to file the required motion could lead to dismissal.

    (4)    While a dismissal with prejudice could be recommended, the Magistrate Judge will consider the lesser recommendation that dismissal without prejudice be imposed.[1]

---

[1] Even though the dismissal is without prejudice it is possible that the statute of limitations or other issues may prevent the refiling of the petition. If the Plaintiff's mental conditions have truly deteriorated recently he may be eligible to file a new application for disability with Social Security. However, the Plaintiff has provided no information from Centerstone or other medical providers about his current condition.

As noted in the Magistrate Judge's order (Docket Entry 22) the Magistrate Judge did conduct a limited review of the administrative record in this matter and did not find any obvious error that would require reversal of the decision of the administrative law judge.

It is not the duty of the Court to search the record for error without the Plaintiff at least pointing out what he believes are errors. The Plaintiff's motion for appointment of counsel did at least direct the Magistrate Judge to his mental condition, and as noted, the Magistrate Judge did not find the record supported any obvious error about this issue by the Defendant or that the Plaintiff's mental condition was sufficient to justify appointment of counsel.

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

---

[2] If conditions have changed since the Decision by the Administrative Law Judge the Plaintiff may be able to file a new claim with Social Security based on later developments.

6

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 20th day of June, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge